IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ADRIAN L. LACEY,  
BOP Reg. No. 08013-003,

    Plaintiff,

vs.

LT. PETTWAY, *et al.*,

    Defendants.

CIVIL ACTION NO. 24-00264-JB-B

## REPORT AND RECOMMENDATION

This action is before the Court on review.[1] Plaintiff Adrian L. Lacey, who is proceeding without an attorney and is presently confined at the Baldwin County Sheriff's Corrections Center, filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). Because Lacey's initial complaint was not on the form required by this Court for a prisoner complaint under 42 U.S.C. § 1983, the Court ordered Lacey to file an amended complaint using this Court's required form complaint for a prisoner action under 42 U.S.C. § 1983. (Doc. 3 at 1). The Court also ordered Lacey to either file a motion to proceed without prepayment of fees or pay the $405.00 filing and administrative fees for a civil action. (Id. at 2).

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

1

In response to the Court's order, Lacey filed an amended complaint[2] and a motion to proceed without prepayment of fees.  (Docs. 4, 5, 6).

Because Lacey is a prisoner seeking to proceed *in forma pauperis* against an officer or employee of a governmental entity, the Court conducted an initial screening review of his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  As relevant here, § 1915(e)(2)(B) requires a district court to dismiss the action of a plaintiff proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  Similarly, under § 1915A(b), a court must dismiss a prisoner's complaint against an officer or employee of a governmental entity if it determines that the action is frivolous or malicious.  Id. at § 1915A(b)(1).  "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury."  Morrell v. Georgia, 2023 U.S. App. LEXIS 4738, at *1, 2023 WL 5051186, at *1 (11th Cir. Feb. 27, 2023).

---

[2] Lacey filed his amended complaint in two parts, which the Court received on different dates.  (Docs. 4, 6).  Lacey states that this was necessary because his "mail was returned twice due to lack of postage so [he] had to break it up."  (Doc. 6-2).

During the screening process, the undersigned discovered that Lacey affirmatively misrepresented his litigation history under the penalty of perjury in his § 1983 complaint form in this action. In his amended complaint, Lacey flatly denied that he had previously filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action **or** relating to his imprisonment. (See Doc. 6 at 2). In fact, Lacey has previously filed at least two lawsuits in state or federal court relating to his imprisonment.

Accordingly, after reviewing the present complaint and Lacey's prior cases, it is recommended that this action be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), because Lacey affirmatively misrepresented his litigation history to the Court.

## I. DISCUSSION

In this action, Lacey sues Lt. Pettway, a correctional officer at the Baldwin County Sheriff's Corrections Center, and Nurse Wisley, a nurse at the Baldwin County Sheriff's Corrections Center. (Doc. 6 at 3). Lacey claims that Lt. Pettway illegally confiscated and withheld his legal papers, and he alleges that the stress caused by Lt. Pettway's actions caused him to suffer multiple

seizures and other health problems. (Doc. 4 at 1; Doc. 6 at 3; Doc. 6-1 at 1-5). Lacey further claims that Nurse Wisley subjected him to cruel and unusual punishment and was grossly negligent in failing to provide him with proper medical treatment following his seizures. (Doc. 6 at 3; Doc. 6-1 at 4). Lacey requests $250,000 in punitive damages and $250,000 "in monetary damages." (Doc. 6-1 at 5).

In screening Lacey's complaint, the undersigned reviewed the records of this and other federal courts to determine whether Lacey had previously filed any other lawsuits relating to his imprisonment or dealing with the same or similar facts involved in this action.[3] From those records, the undersigned discovered that Lacey had previously filed at least two cases relating to his imprisonment, including Lacey v. Bureau of Prisons, No. 1:05-cv-01644-RBP-JEO (N.D. Ala. 2005), and Lacey v. Keeton Corrections, Inc., No. 1:23-cv-00388-JB-N (S.D. Ala. 2023), originally filed as Lacey v. Keeton Corrections, No. CV-2023-900585.00 (Cir. Ct. Baldwin Cnty., Ala. 2023).

---

[3] This Court may take judicial notice of its own records and the records of other federal courts. Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

4

As he was required to do, Lacey drafted his amended complaint in the instant case using this Court's standard § 1983 prisoner complaint form. (See Docs. 4, 6). The form directs prisoner plaintiffs to disclose whether they have filed (A) any other lawsuits in state or federal court dealing with the same or similar facts involved in the present action, **and/or** (B) any other lawsuits in state or federal court relating to their imprisonment. (Doc. 6 at 2). The form directs that if the answer to either of those questions is yes, the plaintiff is to describe each lawsuit in the space provided and describe additional lawsuits on a separate piece of paper if necessary. (Id.).

Despite having filed at least two lawsuits relating to his imprisonment, Lacey expressly denied having filed any other lawsuits in state or federal court relating to his imprisonment or dealing with the same or similar facts involved in this action. (Id.). Lacey then proceeded to swear or affirm under penalty of perjury that the facts set out in his complaint were true and correct. (Doc. 4 at 3).

"Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury." Franklin v. Leon Cty. Sheriffs Off., 2022 U.S. Dist. LEXIS 235321, at *8, 2022 WL 18231678, at *4 (N.D. Fla. Dec. 6,

2022), report and recommendation adopted, 2023 U.S. Dist. LEXIS 5112, 2023 WL 163254 (N.D. Fla. Jan. 11, 2023). The Court's § 1983 complaint form requests information about prior actions from a prisoner plaintiff to assist in determining whether the prisoner's action is barred under 28 U.S.C. § 1915(g),[4] whether the action is connected to another action, and whether the plaintiff is familiar with litigating his claims. See Doctor v. Nichols, 2015 U.S. Dist. LEXIS 124946, at *9-10, 2015 WL 5546397, at *3 (N.D. Fla. Aug. 19, 2015). When the prisoner fails to provide information about all of his prior actions on the complaint form, the court is deprived of this knowledge and is forced to

---

[4] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court notes that Lacey has filed at least one action that counts as a "strike" under 28 U.S.C. § 1915(g). See Lacey v. Bureau of Prisons, No. 1:05-cv-01644-RBP-JEO (N.D. Ala. 2005), ECF No. 19 (dismissing Lacey's action for failure to state a claim upon which relief can be granted and placing him on notice that the dismissal is "countable for purposes of 28 U.S.C. § 1915(g)").

expend more time and resources than would otherwise be necessary. Id., 2015 U.S. Dist. LEXIS 124946, at *10, 2015 WL 5546397, at *3.

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . is not being presented for any improper purpose, . . . [and] the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(1) & (3). The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness" of the document he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 543, 547 (1991).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." Ealy v. Corr. Corp. of Am., 2015 U.S. Dist. LEXIS 173850, at *2-3, 2015 WL

7

9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals of actions without prejudice where plaintiffs failed to disclose their prior litigation history), report and recommendation adopted, 2016 U.S. Dist. LEXIS 1023, 2016 WL 75074 (N.D. Fla. Jan. 6, 2016).

Given the recency of one of his previous filings, Lacey is undoubtedly well aware that he has filed actions in state or federal court relating to his imprisonment. Accordingly, there can be little question that when Lacey filed the complaint in the instant action, he knowingly chose not to list any of his prior actions and then proceeded to sign his complaint under penalty of perjury, notwithstanding his misrepresentations. Because Lacey was not truthful to the Court about his prior litigation on his complaint form, his action is subject to being dismissed as malicious for Lacey's abuse of the judicial process. The only reason the undersigned would not recommend dismissing this action without prejudice is if the present action could not be refiled because the two-year statute of limitations for a § 1983 action had expired. However, Lacey's amended complaint makes clear that the actions complained of in this case occurred no earlier than June 2024. (See Doc. 4 at 1; Doc. 6 at 3). Thus, there is no question that Lacey has the ability to refile his action before

the two-year statute of limitations expires, if he elects to do so. Because Lacey's claims can be refiled, this action is due to be dismissed without prejudice as malicious for Lacey's abuse of the judicial process pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i) and 1915A(b)(1).

## II. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i) and 1915A(b)(1).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual

and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **August, 2024.**

                                          **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**